IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

VS.                              Case No. 2:18-cr-20021-PKH-MEF-1

STEVIE RAY GREENWOOD                                                                        DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed on November 17, 2021. (ECF No. 84). Noting deficiencies in the Motion, the Court entered an Order on the same date directing Defendant to complete and file a standard form Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody no later than December 17, 2021. (ECF No. 86). Defendant sought an extension of time (ECF No. 87) to comply with the Court's Order, and the Court granted an extension to January 16, 2022. (ECF No. 88). Defendant has failed to comply with the Court's Order, and it is recommended that Defendant's pending § 2255 Motion be dismissed without prejudice.

### I.      Background

On October 17, 2018, Defendant, Stevie Ray Greenwood ("Greenwood"), was named in an Indictment charging him with one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and one count of Knowing Possession of an Unregistered Firearm, in violation of 26 U.S.C. §§ 5841, 5861(d) and 587. (ECF No. 1).

On February 26, 2019, Greenwood appeared with his retained counsel, Mr. Joel Price, before the Hon. P. K. Holmes, III, United States District Judge, for a change of plea hearing. (ECF

No. 33). Pursuant to a written Plea Agreement, Greenwood pleaded guilty to the felon-in-possession charge, and the Government agreed to dismiss the other charge once the Court pronounced sentence. (ECF Nos. 33, 34). Satisfied with Greenwood's responses during the change of plea colloquy, the Court determined that Greenwood's guilty plea was knowingly and voluntarily made and supported by an independent factual basis. Greenwood's guilty plea was accepted, and he was found guilty as charged. (ECF No. 33; ECF No. 75, p. 12). Sentencing was deferred pending a presentence investigation. *Id*.

An initial Presentence Investigation Report ("PSR") was prepared on April 25, 2019. (ECF No. 41). In it, Greenwood's base offense level was determined to be 20. *Id*., ¶ 34. Since the offense involved more than eight but less than 24 firearms, a four-level enhancement applied pursuant to U.S.S.G. § 2K2.1(b)(1)(B). *Id*., ¶ 35. A two-level increase was assessed under U.S.S.G. § 2K2.1(b)(4)(A) because at least one of the firearms was stolen. *Id*., ¶ 36. After a reduction of three levels for acceptance of responsibility, *Id*., ¶¶ 42-43, Greenwood's total offense level was determined to be 23. *Id*., ¶ 44. Greenwood was found to have three criminal history points, placing him in criminal history category II. *Id*., ¶¶ 52-54. The statutory maximum term of imprisonment for the offense of conviction was 10 years. *Id*., ¶ 81. Based on a total offense level of 23 and a criminal history category of II, the advisory guideline range for imprisonment was 51 to 63 months. *Id*., ¶ 82. The Government made no objections to the PSR. (ECF No. 43). On May 9, 2019, Greenwood made three objections to the PSR, none of which affected the guidelines calculation, and all of which were resolved by revisions in the final PSR. (ECF No. 44; ECF No. 45-1). A final PSR was submitted to the Court on May 24, 2019. (ECF No. 45).

On August 6, 2019, and after having changed counsel a second time, Greenwood moved

to withdraw his guilty plea. (ECF No. 60). Greenwood asserted his innocence and claimed that his counsel, Mr. Price, refused to discuss the facts of his case with him, that Mr. Price was not prepared to go to trial, and that Mr. Price had no interest in preparing the case for trial. *Id.*, p. 2. Greenwood allegedly reached the conclusion that "he had no choice other than to enter into the proposed Plea Agreement." *Id*. Greenwood stated that his uncertainty as to his guilty plea was caused by Mr. Price's insistence that he plead guilty to the offense, and not based on the merits of the plea or trial decision. *Id*. In an Opinion and Order entered on August 23, 2019, the Court denied Greenwood's motion to withdraw his guilty plea, finding that Greenwood's assertions of ineffective assistance of counsel were "untimely and unreliable" given that Greenwood failed to object at his change of plea hearing and "affirmatively acknowledged his satisfaction" with counsel's representation. (ECF No. 62). The Court further found no evidence that Greenwood's admission of guilt was untrue. *Id*.

Following the Court's denial of Greenwood's motion to withdraw his guilty plea, a revised final PSR was submitted to the Court on August 30, 2019. (ECF No. 63). In a Second Addendum to the PSR (ECF No. 63-1), the Probation Officer noted that by filing his motion to withdraw his guilty plea, which was denied by the Court, Greenwood "demonstrated a lack of acceptance of responsibility." This resulted in a loss of the three-level reduction for acceptance of responsibility and left Greenwood with a total offense level of 26. (ECF No. 63, ¶¶ 42, 44). With a revised total offense level of 26 and a criminal history category of II, the advisory guideline range for imprisonment was 70 to 87 months. *Id.*, ¶ 82.

Sentencing was held on September 24, 2019. (ECF No. 68). The Court made inquiry that Greenwood was satisfied with his counsel; final approval of the Plea Agreement was expressed;

and, the Court imposed a guidelines sentence of 75 months imprisonment, a three-year term of supervised release, no fine, and a $100.00 special assessment. (ECF No. 68; ECF No. 77, pp. 17-18). Judgment was entered by the Court on September 26, 2019. (ECF No. 69).

Greenwood pursued a direct appeal from the Judgment. (ECF No. 71). In a *per curiam* Opinion issued on February 5, 2021, the Eighth Circuit Court of Appeals found no error by the district court in concluding that Greenwood's guilty plea was entered knowingly and voluntarily. (ECF No. 83-2, p. 3). Noting that Greenwood suggested someone else *owned* the firearms he sold to a pawn shop, but that the offense of conviction forbids *possession*, not ownership of firearms, the Eighth Circuit found no evidence to undermine the district court's judgment of guilt and affirmed the district court's denial of Greenwood's motion to withdraw his guilty plea. *Id.*, p. 4.

On November 17, 2021, Greenwood filed his pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (ECF No. 84). Greenwood alleged two grounds for relief: (1) ineffective assistance of counsel, and (2) the imposition of an illegal sentence. *Id.*, pp. 4-6. For supporting facts regarding his claim of ineffective assistance of counsel, Greenwood merely alleges that his "Constitutional rights were clearly violated by the ineffective or deficient assistance of counsel in violation of the Sixth Amendment of the Constitution of the United States of America." *Id.*, p. 4. To support his illegal sentence claim, Greenwood only alleges that he "was subject to an illegal sentence and/or illegal enhancement(s) in violation of the Eighth Amendment of the Constitution of the United States of America and 18 U.S.C. § 3553. *Id.*, p. 6.

Noting significant deficiencies in Greenwood's § 2255 Motion, first, that it is incomplete, skipping from page seven of the standard form § 2255 motion to page 13, and omitting information

responsive to questions 13 through 18 of the standard form § 2255 motion, including a statement regarding timeliness, and second, that it does not state the facts supporting each ground for relief, containing instead only vague and conclusory statements, the Court on November 17, 2021, ordered Greenwood to complete and file a standard form Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (AO 243) on or before December 17, 2021. (ECF No. 86). Greenwood was ordered to "specify all the grounds for relief available to [him]," and to "state the facts supporting each ground." *Id*., p. 1. Greenwood was advised that failure to comply with this Order may subject his pending § 2255 Motion to summary dismissal for failure to obey a court order. *Id*., p. 2.

On December 10, 2021, Greenwood requested a 30-day extension of time to comply with the Court's Order. (ECF No. 87). The request was granted, and Greenwood was given until January 16, 2022, to comply with the Court's Order. To date, Defendant has failed to comply with the Court's Order.

## II.     Discussion

In pertinent part, Rule 2(b), Rules Governing § 2255 Proceedings, requires that a motion must "specify all the grounds for relief available to the moving party," and "state the facts supporting each ground." The motion must also "substantially follow either the form appended to these rules or a form prescribed by a local district-court rule." Rule 2(c).

Though a pro se § 2255 motion is to be liberally construed, the motion must assert facts regarding counsel's performance. *Saunders v. United States*, 236 F.3d 950, 952-53 (8th Cir. 2001). Vague and conclusory allegations, unsupported by specific facts, are not sufficient to state a ground for relief under 28 U.S.C. § 2255. *See Hollis v. United States*, 796 F.2d 1043, 1046 (8th

Cir. 1986) (vague and conclusory allegations are not sufficient to state a ground for relief under 28 U.S.C. § 2255), *cert. denied*, 479 U.S. 965 (1986); *Carpenter v. United States*, 720 F.2d 546, 548 (8th Cir. 1983) (conclusory allegations are insufficient to rebut the presumption of competency granted to defense counsel); and *Smith v. United States*, 677 F.2d 39, 41 (8th Cir. 1982) (conclusory allegations, unsupported by any specifics, are subject to summary dismissal).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that a litigant failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the [litigant's] failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Here, Greenwood's § 2255 Motion makes only broad, vague, conclusory allegations regarding ineffective assistance of counsel and the imposition of an illegal sentence. He fails to allege any specific facts in support of his claims. Greenwood was notified of the serious deficiencies in his § 2255 Motion and was given an opportunity to cure those deficiencies. He has failed to do so.

Greenwood has failed to comply with a Court Order. He has failed to state specific facts in support of his grounds for relief. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Greenwood's § 2255 Motion should be dismissed without prejudice.

### III. Conclusion

For the reasons discussed above, it is recommended that Greenwood's Motion Under 28

U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 84) be **DISMISSED without PREJUDICE**.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 25th day of January 2022.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE